IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LESLIE J. CARSJENS, | ) | Case No. 1:07-cv-01017-TAG |
| Plaintiff, | ) ) | ORDER TO REMAND CASE UNDER |
| vs. | ) ) | SENTENCE FOUR OF § 42 U.S.C. § 405(g) PURSUANT TO STIPULATION |
| MICHAEL J. ASTRUE, | ) ) | (Doc. 20) |
| Commissioner of Social Security, | ) ) | ORDER TO ENTER JUDGMENT FOR PLAINTIFF AND AGAINST DEFENDANT |
| Defendant. | ) | AND TO CLOSE THIS ACTION |

On July 10, 2007, Plaintiff, Leslie J. Carsjens, through her attorney, filed a complaint seeking judicial review of an administrative decision denying her claim for Social Security disability benefits. (Doc. 1). Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties consented to proceed before a United States Magistrate Judge, and, by an order dated August 13, 2007, this action was assigned to the United States Magistrate Judge for all further proceedings. (Doc. 12).

On April 9, 2008, the parties filed an executed stipulation and proposed order to voluntarily dismiss this matter and remand it under Sentence Four of 42 U.S.C. § 405(g), and to enter judgment for Plaintiff. (Doc. 20). The stipulated order provided that "[t]he case will be remanded to a different Administrative Law Judge ("ALJ") (since the current ALJ already handled a remand)." In compliance with this Court's minute order, the parties submitted a joint brief explaining why, and providing legal authority for, the language that the case be remanded to a different ALJ. (Doc. 22; see Dkt. Report, Entry dated April 9, 2008).

The parties contend that, because, in 2006, this Court remanded ALJ Flierl's 2004 administrative decision for further consideration,[1] and, on remand, the Appeals Council reassigned the case to ALJ Flierl, whose 2007 decision is the subject of the instant appeal, the Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") provides that the case be assigned to a different ALJ because this would be the second time that Plaintiff's case was remanded. HALLEX, www.socialsecurity.gov/OP_Home/hallex/I-02/I-2-1-55.html & I-03/I-3-7-40.html; (Doc. 22 at pp. 2-3). The parties further assert that, although HALLEX lacks the force and effect of law, precedent entitles it to judicial deference and respect, citing Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) and Wilderness Soc'y vs. U.S. Fish & Wildlife Serv., 353 F.3d 1051, 1067 (9th Cir. 2003) (en banc), amended 360 F.3d 1374 (9th Cir. 2004)(en banc), respectively, for these averments. (Doc. 22 at p. 3).

After reviewing Moore and its progeny, as well as HALLEX, the undersigned finds that the they do not support the contention that the undersigned has the authority to direct the Appeals Council to whom a remanded case should be assigned. In Moore, the Ninth Circuit held that HALLEX was an "internal guidance tool[,]" which did not create substantive rights, but, inter alia, provided rules for the agency to assign remanded cases. Moore, 216 F.3d at 868-89. The Appellate Court observed that the fact that HALLEX did not follow the publishing requirement mandated by Congress for creating binding rules and regulations further demonstrated that it was an internal manual containing non-binding policies and procedures. Id. at 869. The Moore Court specifically noted that, because HALLEX was not binding, an argument requesting the court to assign a different ALJ to a case on remand based on a HALLEX provision was due to fail. Id. at 869 n.1. In 2003, the Ninth Circuit revisited Moore and upheld its decision that HALLEX had no legal force and was not binding on the courts. Bunnell v. Barnhart, 336 F.3d 1112, 1115 (9th Cir. 2003) (citation omitted). Thus, although HALLEX provides that the Appeals Council should assign a court-remanded action to a different ALJ if "the case was previously assigned to that ALJ on a prior remand from the

---

[1] See Carsjens v. Barnhart, Case No. 1:04-cv-06419-TAG.

2

Appeals Council and the ALJ's decision or dismissal after remand is the subject of the new Appeals Council remand, or the Appeals Council or the court directs that the case be assigned to a different ALJ[,]" because HALLEX already orders the Appeals Council to assign a different ALJ in this case because ALJ Flierl twice has had her decision remanded, and HALLEX is not binding on this Court, the undersigned concludes that the decision to reassign the case at the administrative level is within the Appeals Council's purview.  See HALLEX, I-02/I-2-1-55(D)(11).  Accordingly,

    IT IS HEREBY ORDERED THAT

    (1)    This case is REMANDED pursuant to Sentence Four of 42 U.S.C. § 405(g);

    (2)    In accordance with the parties' stipulation, on remand the medical record SHALL BE updated and Plaintiff's residual functional capacity finding reevaluated.  In the event that evidence from a Vocational Expert is obtained, the ALJ is DIRECTED to question the Vocational Expert concerning the consistency of his testimony with the Dictionary of Occupational Titles and RESOLVE any differences pursuant to Social Security Ruling 00-4p;

    (3)    The Clerk of the Court is DIRECTED to enter judgment for Plaintiff Leslie J. Carsjens and against Defendant Michael J. Astrue and to close this action.

IT IS SO ORDERED.

Dated:  **May 19, 2008**              **/s/ Theresa A. Goldner**
                                      UNITED STATES MAGISTRATE JUDGE